## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. ROBERT H. SHUMAR JR. and | ) | |
| CHERYL A. SHUMAR, husband and wife, | ) | CIVIL ACTION - LAW |
| | ) | |
| Plaintiffs, | ) | NO.   21-1132 |
| | ) | |
| v. | ) | |
| | ) | |
| THE ESTATE OF SONDRA SPAUGY, | ) | |
| THE PENNSYLVANIA STATE POLICE, | ) | |
| WESTMORELAND COUNTY, EXCELA | ) | |
| HEALTH WESTMORELAND | ) | |
| HOSPITAL, and EXCELA HEALTH | ) | |
| FRICK HOSPITAL, | ) | JURY TRIAL DEMANDED |
| | | |
| Defendants. | | |

## COMPLAINT

COMES NOW, the Plaintiffs, C. Robert H. Shumar, Jr. and Cheryl A. Shumar, husband and wife, by and through their counsel, Susan N. Williams, Esq., and files the within Complaint, in support thereof alleging as follows:

## INTRODUCTORY STATEMENT

1.     This is an action for damages sustained by citizens of the United States against the above-captioned Defendants as a consequence of the illegal detention of Plaintiff C. Robert H. Shumar Jr.  As a result of an incident which occurred on August 28, 2019, Mr. Shumar was detained for an involuntary commitment pursuant to the provisions of the Pennsylvania Mental Health Act.

## JURISDICTION

2.     This action arises under the Constitution of the United States, in particular the Fourth Amendment to the Constitution of the United States of America, and under the laws of the United States, particularly the Civil Rights Act, Title 42, U.S.C.§ 1983.

3.     The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§1331 and 1343.  The Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

4.     Venue is proper in this district because it is where all parties reside and where the deprivations of the Plaintiff's constitutional and civil rights occurred.

5.     All conditions precedent to the maintenance of the action have been satisfied or have occurred prior to its institution, including those set forth in 42 Pa. C.S.A.§ 5522.

## PARTIES

6.     Plaintiff, C. Robert H. Shumar Jr. ("Mr. Shumar"), is an adult individual who resides at 2317 State Route 31, Mount Pleasant, Pennsylvania, 15666, with his wife, Plaintiff, Cheryl Shumar ("Mrs. Shumar").

7.     Sondra Spaugy ("Ms. Spaugy"), an adult individual, died on October 23, 2020. An Estate is being raised in the Orphans Court Division of the Court of Common Plea of Westmoreland County, Pennsylvania.

8.     Defendant Pennsylvania State Police is an entity created under the laws of the Commonwealth of Pennsylvania, with an address of 1800 Elmerton Avenue, Harrisburg, Pennsylvania, 17110.

9.     Defendant Westmoreland County is a political subdivision organized pursuant to the laws of the Commonwealth of Pennsylvania with a business address of One North Main Street, Greensburg, Pennsylvania, 15601.

10.     Westmoreland County Behavioral Health Department is a Department of the Defendant Westmoreland County.

11.     Defendant Excela Health Frick Hospital is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania, with an address of 508 S. Church Street, Mount Pleasant, Pennsylvania, 15666.

12.     Defendant Excela Health Westmoreland Hospital is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania, with an address of 532 West Pittsburgh Street, Greensburg, Pennsylvania, 15601.

## FACTUAL ALLEGATIONS

13.     The averments of paragraphs 1 through 12 are incorporated by reference as if more fully set forth herein.

14.     Mr. Shumar is an adult male aged 73 years of age, retired from the US Department of Justice and the US Army.

15.     Defendant Spaugy was previously a tenant of Mr. and Mrs. Shumar in Mount Pleasant.

16.     The Shumars have had no direct contact with Ms. Spaugy for seven years prior to August 28, 2019.

17.     Subsequent to her having vacated the property, Ms. Spaugy made unsubstantiated claims about Mr. Shumar and his wife to the Westmoreland County Children's Bureau, the Fayette County Children's' Bureau and the Westmoreland County Area Agency on Aging, alleging *inter alia* that Mr. Shumar had abused his wife and two young girls and had committed theft.

18.     All of these complaints were unfounded.

19.     On August 28, 2019, Ms. Spaugy presented herself to Excela Health Frick Hospital and requested that a 302 warrant be issued for Mr. Shumar.

20.     The 302 ordered warrant was authorized by Elena Riehle and Nicole Comenda, RN. A copy of the application is attached hereto as Exhibit A.

21.     Elena Riehle is a Mental Health Delegate of the Westmoreland County Behavioral Health Department.

22.     Nicole Comenda, RN, is believed to be an employee of Excel Health Frick Hospital.

23.     On its face, nothing in the application supports the conclusion that Mr. Shumar is "severely mentally ill."

24.     There were no indicators of truth to any of the allegations.

25.     No signature of a physician, police officer, county administrator or representative appears on the application for involuntary emergency examination and treatment, as is required.

26.     Rather, that space was signed by Defendant Spaugy.

27.     On the evening of August 28, 2019, Mr. Shumar was contacted at his residence by two Pennsylvania State Police Troopers from the Greensburg barracks.

28.     They advised him that they had a 302 ordered warrant that was petitioned by Defendant Sondra Spaugy.

29.     The troopers were not in possession of the original 302 ordered warrant.

30.     The troopers did not show Mr. Shumar a warrant or a copy.

31.     Mr. Shumar agreed without incident to accompany the troopers to Excela Health Westmoreland Hospital.

32.     Plaintiff Cheryl Shumar was present at the marital residence when the troopers arrived to serve the warrant in place her husband in handcuffs.

33.     Upon arrival at Excela Health Westmoreland Hospital, the troopers removed the handcuffs from Mr. Shumar and left him unattended with no compulsory security, despite the fact that the 302 ordered warrant was still viable.

34.     No security was provided.

35.     Mr. Shumar was never told by any agent or employee of Defendant Excela Westmoreland Hospital that he must remain in the room that he was led to.

36.      Mr. Shumar's wife, Plaintiff Cheryl Shumar, and son, C. Robert H. Shumar III, joined him in the room as directed, despite the fact that the 302 ordered warrant was still viable.

37.     After arriving at the hospital it was determined that the 302 ordered warrant had been a copy of the original.

38.     The County delegate, Sarah Stenger, was contacted about Plaintiff being brought in on a copy of the 302 ordered warrant.

39.     She informed the crisis worker to contact the police department to locate the original 302 warrant.

40.     The Scottdale Police Department was contacted and stated that the 302 warrant was brought in by Defendant Spaugy, that a copy had been made and faxed to the State Police, that Ms. Spaugy had the original 302 ordered warrant.

41.     When contacted, Ms. Spaugy became irate and stated that she was disabled and unable to bring the 302 ordered warrant to the hospital.

42.     She demanded that one of the hospital workers drive her to her house to pick up the 302 ordered warrant.

43.     She was advised that the hospital staff would be unable to do that and was asked if there was anyone who would be able to bring the original 302 ordered warrant to the hospital.

44.     She stated that no one was there to bring the original 302 ordered warrant to the hospital.

45.     Mr. Shumar was not provided with a copy of the application upon his arrival at the hospital as required by the text of the 302 ordered warrant.

46.     He was not seen by a physician within two hours of his arrival at Excela Health Westmoreland Hospital as required by the provisions of the Mental Health Act.

47.     He was never seen by a physician at any time during his stay at Excela Health Westmoreland Hospital.

48.     Notes from Excela Health Westmoreland Hospital records reflect that Mr. Shumar was seen by a physician who reviewed a treatment plan.

49.     That physician is believed to be James R. Sample, M.D.

50.     At all times material hereto Dr. Sample was an agent or employee of defendant Excel Westmoreland.

51.     Defendant Excel Westmoreland is vicariously liable for negligence of Dr. Sample.

52.     No treatment plan had been formulated for Mr. Shumar.

53.     No treatment plan was reviewed with him.

54.     Mr. Shumar was asked if he would be agreeable to be assessed on his own accord to which he agreed, stating that he wanted a record established of his mental assessment to prevent a reoccurrence of detention.

55.     Mr. Shumar and his wife both stated that he does not have a previous mental health history or diagnosis and felt safe at home.

56.     Despite a blood pressure reading of 197 over 92, Mr. Shumar was not rechecked as advised by hospital staff, or seen be a physician immediately as recommended by the American College of Cardiology.

57.     Mr. Shumar was not offered any transportation home as is required.

58.     Information upon which the overturning of the 302 ordered warrant was based was provided by PA Chris Diehl, as stated to Mr. Shumar.

59.     Mr. Diehl explained to Mr. Shumar the "302 Ordered Warrant," and the "Rights."

60.     Mr. Shumar was subsequently released from Excela Health Westmoreland Hospital at 12:48 am on August 29, 2019.

61.     Mr. Shumar subsequently learned that Medicare records reflect that he was referred by his primary care physician, Rachel F. Esposito for an emergency visit for a "moderately severe problem."

62.     Dr. Esposito categorically denied to Mr. Shumar that she had made the referral when he brought it to her attention on August 19, 2020.

63.     Upon his discharge from the hospital, Mr. Shumar advised that he did not intend to pay for any services provided to him by Defendant Excela Health Westmoreland Hospital.

64.     He was assured by hospital staff during check-in that he would not be billed.

65.     He later learned that all three of his health insurance carriers had been billed for his stay and two had paid the bill.

66.     On September 17, 2019, a criminal complaint was filed by Detective Jason Napier, of the Westmoreland County Detective Bureau against Defendant Spaugy, alleging Unsworn Falsification to Authorities, in violation of Section 4904 (a)(1) as follows:  The actor Sondra Spaugy, on or about August 28, 2019, with intent to mislead a public servant, namely,

Elena Riehle/Nicole Comenda RN (Westmoreland Hospital), in performing said public servants official function, namely, authorizing a 302 commitment warrant for C. Robert H. Shumar Jr., made a written false statement, namely, made a written application for a 302 award which actor did not believe to be true, in violation of section 4904(a)(1) of the Pennsylvania Crimes Code.

67.     A competency hearing was scheduled before the Hon. Scott O. Mears of the Court of Common Pleas of Westmoreland County to determine whether Ms. Spaugy was competent to stand trial on the charge of Unsworn Falsification to Authorities.

68.     The charges were nolle prossed on account of her death.

## COUNT I
## PLAINTIFF C. ROBERT H. SHUMAR JR. V. ESTATE OF SONDRA SPAUGY

69.     The averments of Paragraphs 1 through 68 are incorporated by reference as if more fully set forth herein.

70.     Defendant Sondra Spaugy made a false statement purporting to be fact.

71.     She communicated this false statement to a third person or persons.

72.     Harm was caused to the person or entity who is the subject of the statement, namely Plaintiff C. Robert H. Shumar Jr.

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

a.     compensatory damages;

b.     punitive damages sufficient to punish the Defendants;

c.     reasonable costs and attorney's fees as provided for by statute;

d.     damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

e.     such other relief as the court deems appropriate.

<u>COUNT II</u>
<u>PLAINTIFF C. ROBERT H. SHUMAR JR. V. PENNSYLVANIA STATE POLICE –
42 U.S.C. §1983</u>

73.     The averments of Paragraphs 1 through 68 are incorporated by reference as if more fully set forth herein.

74.     At no time material hereto did the Police Officers who served the warrant on Mr. Shumar personally observe any conduct which would constitute reasonable grounds to believe that Mr. Shumar was severely disabled and in need of mental treatment.

75.     At all times material hereto, the Pennsylvania State Police were responsible for the execution and service of warrants in all respects.

76.     At all times material hereto the Pennsylvania State Police were responsible for the promulgation of policies and implementation of training to ensure that the constitutional rights of individuals are protected.

77.     The conduct of the Defendant, by and through its officers, did deprive the Plaintiff of the rights guaranteed to him under the United States Constitution, including but not limited to the right to liberty, and the right to be free from illegal search and seizure.  In particular, those rights were violated when Mr. Shumar was taken into custody without a warrant signed by a "physician, police officer, county administrator or representative."

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

a.      compensatory damages;

b.      punitive damages sufficient to punish the Defendants;

c.      reasonable costs and attorney's fees as provided for by statute;

d.      damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

e.      such other relief as the court deems appropriate.

## COUNT III
## PLAINTIFF C. ROBERT H. SHUMAR JR. V. PENNSYLVANIA STATE POLICE – STATE CREATED DANGER

78. The averments of paragraphs 1 through 77 are incorporated by reference as if more fully set forth herein.

79. The injuries to Plaintiff C. Robert H. Shumar Jr. were foreseeable and fairly direct.

80. There existed a relationship between the state and Plaintiff C. Robert H. Shumar Jr.

81. The state actors used their positions as state actors to create a dangerous situation.

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

a. compensatory damages;

b. punitive damages sufficient to punish the Defendants;

c. reasonable costs and attorney's fees as provided for by statute;

d. damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

e. such other relief as the court deems appropriate.

## COUNT IV
## PLAINTIFF C. ROBERT H. SHUMAR JR. V. EXCELA HEALTH FRICK HOSPITAL - FALSE IMPRISONMENT

82. The averments of paragraphs 1 through 68 are incorporated by reference as if more fully set forth herein.

83. Mr. Shumar was held against his will pursuant to a Section 302 Warrant as a consequence of actions by agents of Defendant Excela Health Frick Hospital as follows:

a. In processing a 302 petition which does not on its face support the conclusion that Mr. Shumar was "severely mentally ill.";

     b.   In allowing Defendant Sondra Spaugy to incorrectly fill out the petition;

     c.   In allowing Defendant Sondra Spaugy to leave the facility with the incorrectly completed original.

84.    Further, Mr. Shumar suffered significant emotional distress as a result of this incident.

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

     a.    compensatory damages;

     b.    punitive damages sufficient to punish the Defendants;

     c.    reasonable costs and attorney's fees as provided for by statute;

     d.    damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

     e.    such other relief as the court deems appropriate.

### COUNT V
### PLAINTIFF C. ROBERT H. SHUMAR JR. V. WESTMORELAND COUNTY –FALSE IMPRISONMENT

85.    The averments of paragraphs 1 through 68 are incorporated by reference as if more fully set forth herein.

86.    The 302 warrant was authorized by Elena Riehle, who is a Mental Health Delegate of the Westmoreland County Behavioral Department.

87.    Mr. Shumar was held against his will pursuant to a Section 302 warrant as a consequence of actions by agents of Defendant Westmoreland County as follows:

     a.   In processing a 302 petition which does not on its face support the conclusion that Mr. Shumar was "severely mentally ill.";

     b.   In allowing Defendant Sondra Spaugy to incorrectly fill out the petition;

    c.       In allowing Defendant Sondra Spaugy to leave the facility with the incorrectly completed original.

88.     Further, Mr. Shumar suffered significant emotional distress as a result of this incident.

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

    a.       compensatory damages;

    b.       punitive damages sufficient to punish the Defendants;

    c.       reasonable costs and attorney's fees as provided for by statute;

    d.       damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

    e.       such other relief as the court deems appropriate.

## COUNT VI
## PLAINTIFF C. ROBERT H. SHUMAR JR. V. EXCELA HEALTH WESTMORELAND HOSPITAL - VIOLATION OF THE PENNSYLVANIA MENTAL HEALTH PROCEDURES ACT

89.     The averments of paragraphs 1 through 64 are incorporated by reference as if more fully set forth herein.

90.     Plaintiff avers that Defendant Excela Health Westmoreland Hospital violated the provisions of the Pennsylvania Mental Health Procedures Act in the following respects:

    a.       in failing to check on him once he had been removed from the custody of the Pennsylvania State police;

    b.       in failing to provide compulsory security while there was an outstanding 302 ordered warrant;

    c.       in failing to direct Mr. Shumar to remain in his room;

d.      in failing to provide Mr. Shumar with a copy of the 302 ordered warrant upon his arrival at the hospital;

e.      in failing to ensure that Mr. Shumar was seen by a physician within two hours of his arrival at the hospital;

f.      in failing to ensure that Mr. Shumar was seen by a physician at all;

g.      in incorrectly noting that Mr. Shumar was seen by a physician who reviewed a treatment plan;

h.      in incorrectly asserting that Mr. Shumar had been referred by his primary care physician Rachel F. Esposito;

i.      in billing Mr. Shumar's insurance carriers for treatment provided to him by the defendant when he was assured that he would not be billed.

WHEREFORE, Plaintiff C. Robert H. Shumar Jr. respectfully requests this Honorable Court to award:

a.      compensatory damages;

b.      punitive damages sufficient to punish the Defendants;

c.      reasonable costs and attorney's fees as provided for by statute;

d.      damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

e.      such other relief as the court deems appropriate.

## COUNT VII
## PLAINTIFF CHERYL A. SHUMAR V. ALL DEFENDANTS - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91.     The averments of paragraphs 1 through 90 are incorporated by reference as if more fully set forth herein.

92.    Mrs. Shumar was in close proximity to her husband when he was served a 302 ordered warrant by the Pennsylvania State police, was handcuffed and placed in the police car.

93.    She was also in close proximity when her husband was left at Westmoreland Hospital.

94.    During her stay at Westmoreland hospital, she was accompanied by her son, C. Robert H. Shumar, III, who has Down's Syndrome.

95.    As a direct and proximate consequence of the negligence of all defendants as more specifically set forth above, Plaintiff Cheryl A. Shumar has suffered emotional distress.

96.    Plaintiff C. Robert H. Shumar Jr. and Plaintiff Cheryl A. Shumar are closely related.

WHEREFORE, Plaintiff Cheryl A. Shumar respectfully requests this Honorable Court to award:

a.    compensatory damages;

b.    punitive damages sufficient to punish the Defendants;

c.    reasonable costs and attorney's fees as provided for by statute;

d.    damages for the pain, suffering, embarrassment, emotional distress and inconvenience caused to the Plaintiff; and,

e.    such other relief as the court deems appropriate.

Respectfully Submitted,

*s/Susan N. Williams, Esquire*
Susan N. Williams, Esquire
PA ID # 40077
Williams Law Office
101 North Main Street, Suite 104B
Greensburg PA 15601
(724) 331-7678